UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN COBB,<br><br>              Plaintiff,<br>v.<br><br>SAUL BRIGNONI,<br>SGT. HARTMAN,<br>BONNIE DUMANIS,<br>COUNTY OF SAN DIEGO DISTRICT ATTORNEY'S OFFICE,<br>DOES 1 THROUGH 100,<br><br>              Defendants. | Civil No. 10cv2087 JAH (WMC)<br><br>**ORDER:**<br><br>**(1) GRANTING MOTION TO PROCEED** *IN FORMA PAUPERIS* **[DOC. NO. 2]**<br><br>**AND**<br><br>**(2) DISMISSING ACTION SUA SPONTE FOR FAILING TO STATE A CLAIM UPON WHICH RELIEF MAY BE GRANTED PURSUANT TO 28 U.S.C. §§ 1915(e)(2)(b)(ii) & 1915A(b)(1)** |

## INTRODUCTION

On October 7, 2010, Plaintiff, a non-prisoner appearing *pro se*, filed a complaint pursuant to 42 U.S.C. §§ 1983 and 1985, alleging Defendants violated his constitutional rights. Plaintiff concurrently filed a motion to proceed *in forma pauperis*. Doc. No. 2.

///
///
///
///

# DISCUSSION

**A.  MOTION TO PROCEED IFP**

**1.  Legal Standard**

All parties instituting any civil action, suit or proceeding in a district court of the United States, except an application for writ of habeas corpus, must pay a filing fee of $350.  See 28 U.S.C. § 1914(a).  An action may proceed despite a party's failure to pay only if the party is granted leave to proceed *in forma pauperis* ("IFP") pursuant to 28 U.S.C. § 1915(a).  See Andrews v. Cervantes, 493 F.3d 1047, 1051 (9th Cir. 2007); Rodriguez v. Cook, 169 F.3d 1176, 1177 (9th Cir. 1999).

**2.  Analysis**

The Court finds that Plaintiff has submitted an affidavit which complies with 28 U.S.C. § 1915(a)(1).  Doc. No. 2.

Plaintiff is currently unemployed and receives limited financial assistance from his father.  He maintains that he owns a 1985 Buick and a house inherited from his mother, which Plaintiff believes is valued at $480,000 to $500,000.  His father pays his property taxes, assessments and insurance.  Plaintiff submits that he has received $4,633.70 in the past twelve months: $4,358.70 from his father, $130 from his bank for opening a new account and paying three online bills, and $140 for serving as a poll worker.  Additionally, Plaintiff submits he has two bank accounts amounting to $20.96 available in cash.  Based upon the information provided, this Court finds Plaintiff has sufficiently demonstrated that he is unable to pay the fees required to commence his suit.  Therefore, the Court GRANTS Plaintiff's Motion to Proceed IFP [Doc. No. 2].

///

**B. SUA SPONTE SCREENING PER 28 U.S.C. § 1915(e)(2)**

**1.      Standard**

The Prison Litigation Reform Act ("PLRA") obligates the Court to review complaints filed by all persons proceeding IFP. Under these provisions, the Court must sua sponte dismiss any complaint, or any portion thereof, which is frivolous, malicious, fails to state a claim, or which seeks damages from defendants who are immune. See 28 U.S.C. §§ 1915(e)(2)(B).

"[W]hen determining whether a complaint states a claim, a court must accept as true all allegations of material fact and must construe those facts in the light most favorable to the plaintiff." Barren, 152 F.3d at 1194 (noting that § 1915(e)(2) "parallels the language of Federal Rule of Civil Procedure 12(b)(6)"). In addition, the Court's duty to liberally construe a pro se's pleadings, see Karim-Panahi v. Los Angeles Police Dept., 839 F.2d 621, 623 (9th Cir. 1988), is "particularly important in civil rights cases." Ferdik v. Bonzelet, 963 F.2d 1258, 1261 (9th Cir. 1992).

Under Rule 8(a) of the Federal Rules of Civil Procedure, a complaint "shall contain (1) a short and plain statement of the grounds upon which the court's jurisdiction depends . . ., (2) a short and plain statement of the claim showing that the pleader is entitled to relief, and (3) a demand for judgment for the relief the pleader seeks." Fed.R.Civ.P. 8(a). Similarly, Rule 8(d) requires that "each averment of a pleading shall be simple, concise and direct." Rule 8 is designed to provide defendants with fair notice of the claims against them and the grounds on which those claims rest. McKeever v. Block, 932 F.2d 795, 798 (9th Cir. 1991); see McHenry v. Renne, 84 F.3d 1172, 1177 (9th Cir. 1996).

The Supreme Court recently clarified the pleading requirement under Rule 8 in Ashcroft v. Iqbal, and stated "threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." 129 S. Ct 1937, 1949 (2009). The Iqbal Court also reiterated the holding in Bell Atlantic Corp. v. Twombly, 550 U.S.

3

544 (2007), that while Rule 8 "does not require 'detailed factual allegations,' . . . it [does] demand [] more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Id. (citing Twombly, 550 U.S. at 555). Furthermore, "[t]he propriety of dismissal for failure to comply with Rule 8 does not depend on whether the complaint is wholly without merit . . . Rule 8(e), requiring each averment of a pleading to be 'simple, concise, and direct,' applies to good claims as well as bad, and is a basis for dismissal independent of Rule 12(b)(6)." McHenry, 84 F.3d at 1179.

While the Court must construe *pro se* pleadings liberally and afford plaintiff the benefit of any doubt, even *pro se* litigants must allege, with at least some degree of particularity, overt acts taken by each defendant which support his claims. Haines v. Kerner, 404 U.S. 519, 520 (1972)(per curiam). Under Rule 8 of the Federal Rules of Civil Procedure, the facts alleged in the complaint must be "plausible," not merely "conceivable." Ashcroft v. Iqbal, 129 S. Ct. at 1951. A plaintiff's "obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Twombly, 550 U.S. at 555 (citing Papasan v. Allain, 478 U.S. 265, 296 (1986)).

Section 1983 imposes two essential proof requirements upon a claimant: (1) that a person acting under color of state law committed the conduct at issue, and (2) that the conduct deprived the claimant of some right, privilege, or immunity protected by the Constitution or laws of the United States. See 42 U.S.C. § 1983; Nelson v. Campbell, 541 U.S. 637, 124 S.Ct. 2117, 2122 (2004); Haygood v. Younger, 769 F.2d 1350, 1354 (9th Cir. 1985) (en banc).

**2.     Analysis**

The Court is unable to determine the exact nature of plaintiff's allegations against Defendants. Plaintiff alleges sixteen causes of action against four defendants. See Doc. No. 1. With respect to Defendants District Attorney Bonnie Dumanis, the County of San

Diego District Attorney's Office, and Sergeant Hartman, Plaintiff fails to allege with particularity facts that Defendants violated his rights. For example, Plaintiff claims "Defendants are continually conspiring to retaliate against Plaintiff for having exercised his First Amendment rights.  This retaliation involves repeatedly violating  Plaintiff's Fourth Amendment right to liberty." See Doc. No. 1 at 34-35. Plaintiff continues, claiming "Defendants are involved in a perpetually running fishing expedition, so as to find facts and/or fabricate facts, which will then be used to prejudice this case and any other case (criminal or civil) Plaintiff would be involved in." Yet Plaintiff never specifically lists any relevant actions taken by Defendants.

Plaintiff claims Defendant Brignoni is employed by CHP and violated Plaintiff's rights under color of state law. See Doc. No. 1 at 29.  After parsing through Plaintiff's convoluted complaint, it appears that Plaintiff may believe Defendant Brignoni lacked reasonable suspicion to temporarily detain Plaintiff for a statutory vehicle code violation. See Doc. No. 1 24.  It is difficult, however, to separate the allegations against Defendant Brignoni that would support such a claim from his convoluted and unsubstantiated allegations.  For example, Plaintiff claims that Defendant Brignoni conspired with local officials to entrap Plaintiff in order to obtain evidence to use against him in other pending cases. See Doc . No. 1 at 29.  While this claim may be conceivable, it is not plausible and Plaintiff offers no particular explanation for its foundation.  Even accepting this claim, parsed from the litany of convoluted claims that Plaintiff makes, as true, Plaintiff does not state a claim upon which relief may be granted. See Whren v. United States, 517 U.S. 806, 116 S. Ct. 1769 (1996) (finding that pretext is irrelevant where stop for traffic violation is reasonable under Fourth Amendment).  As previously stated, although the Court must construe *pro se* pleadings liberally and afford plaintiff the benefit of any doubt, even *pro se* litigants must allege, with at least some degree of particularity, overt acts taken by each defendant which support his claims.  Haines v. Kerner, 404 U.S. 519, 520 (1972)(per curiam).  In his complaint, Plaintiff fails to comply with the aforementioned standard.

For these reasons, the Court finds that Plaintiff's Complaint fails to state a claim upon which relief may be granted, and therefore, it must be dismissed sua sponte pursuant to 28 U.S.C. § 1915(e)(2).

## **CONCLUSION**

Accordingly, IT IS HEREBY ORDERED that Plaintiff's Motion to Proceed In Forma Pauperis is **GRANTED** and the complaint is **DISMISSED**.

Dated: August 9, 2011

JOHN A. HOUSTON
United States District Judge